UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thalassa R.,                                            No. 21-cv-2696 (KMM/ECW)

    Plaintiff,

v.                                                                     **ORDER**

Kilolo Kijakazi, Acting Commissioner of
Social Security,

    Defendant.

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Doc. 20]. Plaintiff seeks an award of $8,652.00 in attorney fees under the EAJA, and costs in the amount of $502.00. [Doc. 21 at 4]. For the reasons that follow, the Court grants Plaintiff's motion and awards $9,154.00 in reasonable attorney's fees and costs.

In relevant part, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The statute requires the party seeking an award of fees and other expenses to file an application within thirty days of the final judgment. *Id.* § 2412(d)(1)(B). The applicant must show that she is the prevailing party and is eligible to receive an award of fees. *Id.* In addition, the application must show "the

1

amount sought, including an itemized statement from any attorney . . . appearing [o]n behalf of the party stating the actual time expended and the rate at which fees . . . were computed." *Id.*

Plaintiff filed the motion within thirty days of the entry of judgment, so the request is timely. Plaintiff has shown that he is a prevailing party. *Youness v. Berryhill*, No. CV 17-4108 (DSD/BRT), 2018 WL 4218805, at *1 (D. Minn. Sept. 5, 2018) ("A party who obtains a sentence-four remand, such as Plaintiff, qualifies as a "prevailing party" under the EAJA."). Further, Plaintiff has shown that his net worth did not exceed $2,000,000 when this case was filed, so he is eligible to receive an EAJA award. *Id.* The Commissioner has not argued that his position in the litigation was substantially justified. *See id.* (citing *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1008 (E.D. Ark. 2011) (declining to discuss substantial justification where the Commissioner conceded that an award of fees was appropriate). On this record, the Court concludes that an award of EAJA fees in this case is appropriate.

Plaintiff seeks reimbursement for 42 hours of attorney work, at a rate of $206 per hour.[1] Attorney's fees requested under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The requesting party must exclude "excessive, redundant, or otherwise unnecessary" hours from their petition. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court finds the requested fees and hourly rate reasonable, and awards Plaintiff $8,652.00

---

[1] The hourly rate sought is based on the Bureau of Labor Statistics' inflation calculator and the $125.00 figure of March 1996. [Doc. 20 ¶ 9].

in attorney fees for 42 hours of attorney work. This award is consistent with other awards in Social Security cases in this District. *See, e.g., Dimond v. Berryhill*, No. CV 16-322 (BRT), 2017 WL 4898509, at *2 (D. Minn. Sept. 22, 2017) (collecting cases with comparable awards). Also, the Court notes that the Commissioner has not objected to Plaintiff's motion for fees. Indeed, the Commissioner filed no response to the motion at all.

One remaining issue merits further comment. In support of Plaintiff's motion, Plaintiff's counsel represents that although he attempted to confer with opposing counsel regarding the request at issue, "it is now SSA's position on these EAJA matters that the Agency wants plaintiffs to file their EAJA motions first before any conferring occurs." [Doc. 22]. The only motions excepted from the meet-and-confer requirement provided for in D. Minn. LR 7.1(a) are those for a temporary restraining order or a motion for summary judgment. The Court encourages the SSA to reconsider this position. Not only does the Local Rule expressly require such conferring prior to the filing of a motion, but doing so promotes efficiency and can conserve judicial resources.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 20] is **GRANTED**.

2. Defendant shall pay to Plaintiff $9,154.00 in reasonable attorney's fees and costs, subject to offset by any preexisting debt that Plaintiff owes to the United States.

Date: October 19, 2022

                                      *s/Katherine Menendez*
                                      Katherine Menendez
                                      United States Magistrate Judge